**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN ERIC TIMM,<br><br>                Plaintiff,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, et al.,<br><br>                Defendants. | Civil Action No. 19-17304 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court upon Defendant Federal Home Loan Mortgage Corporation's ("Freddie Mac") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9.) Pro se Plaintiff Brian Eric Timm ("Plaintiff") opposed (ECF No. 17), and Freddie Mac replied (ECF No. 18). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Freddie Mac's Motion.

**I.    BACKGROUND**

      This action arises from the foreclosure of Plaintiff's property located in Monmouth County, New Jersey. (Compl. ¶ 1, ECF No. 1.) On September 24, 2012, a foreclosure complaint was filed against Plaintiff in New Jersey Superior Court, Monmouth County. (*Id.*) On July 12, 2017, a Final Judgment Order was entered. (*Id.*) On October 16, 2017, Plaintiff's land was sold through a sheriff's auction where "[Plaintiff's] land and premises . . . [,] valued at over $550,000 dollars[,] was given to Freddie Mac through bid assignment for . . . $1,000." (*Id.* ¶ 28.) Plaintiff alleges that

the sale of Plaintiff's land and premises to Freddie Mac was conducted through an "inside bid-rigging scheme sale" because Wells Fargo Bank purchased the property then assigned its bid to Freddie Mac. (*Id.*) Plaintiff alleges that Freddie Mac then later sold the land at Auction.com for $380,000. (*Id.* ¶¶ 30–31.) On April 11, 2018, Plaintiff was served with a Notice of Eviction, which was attached to a Writ of Possession commanding Plaintiff to allow Freddie Mac to take possession of the land and premises. (*Id.* at 16–17.)

Plaintiff alleges that the Writ of Possession should be considered void. (*Id.* at 17.) Plaintiff alleges that docketing of a judgment is effectuated when notation is made in the civil docket kept by the Clerk of the Superior Court in Trenton. (*Id.* ¶¶ 37–38.) Plaintiff further alleges that the judgment in this matter was not docketed as a judgment and therefore is invalid. (*Id.* ¶ 43). Plaintiff further alleges that because the foreclosure final judgment was never docketed, Freddie Mac lacks the ability to bind the property. (*Id.* ¶ 46.)

Plaintiff's Complaint asserts a single count against Freddie Mac for violation of his rights under the Fifth Amendment of the United States Constitution.[1] (*Id.* ¶¶ 49–51.) Plaintiff seeks judgment against Freddie Mac for compensatory damages, court costs, and any other such relief for which he may be entitled. (*Id.* Prayer for Relief ¶¶ A–J.) On November 1, 2019, Freddie Mac moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] Plaintiff also alleges Freddie Mac violated his "inalienable [r]ights reaffirmed under Public Law 39-26, a/k/a 14 Stat. 27, because [he is] denied and cannot enforce . . . the rights reaffirmed and secured . . . by Public Law 39-26." (Compl. ¶ 51.) As this Court has previously stated in a case initiated by Plaintiff, "Public Law 39-26 is the immediate predecessor of the Civil Rights Act of 1866, which is currently codified as 42 U.S.C. §§ 1981, 1982." *Timm v. New Jersey*, No. 18-9769, 2019 WL 6699450, at *2 (D.N.J. Dec. 9, 2019). "In short, Public Law 39-26 and 14 Stat. 27 subsist[] in an amended form in the causes of action available under §§ 1981 and 1982. To the extent Plaintiff solely relies upon Public Law 39-26 and 14 Stat. 27, he fails to state a claim because Public Law 39-26 and 14 Stat. 27 are not in effect." *Id.* Even if the Court construed Plaintiff's Complaint to allege violations of §§ 1981 and 1982, Plaintiff fails to state a claim under these sections because he fails to allege racial discrimination. *Id.* at *2 n.3.

## II.     LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Importantly, on a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d. Cir. 2011). "First, the court must 'take[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court must "[review] the complaint to strike conclusory allegations[.]" *Id.* The court must accept as true all the plaintiff's well pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UMPC Shadyside*, 578 F.3d 210 (3d. Cir. 2009) (citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

3

(citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [the litigant] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. DISCUSSION

The Fifth Amendment protects individuals against interference with certain rights and liberty interests by the federal government; purely private action does not trigger constitutional protection. *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 (1987); *see Citizens for Health v. Leavitt*, 428 F.3d 167, 178 (3d Cir. 2005) ("[I]t is well established that the substantive component of due process, embodied in . . . the Fifth . . . Amendment[], provides heightened protection against *government interference* with certain fundamental rights and liberty interests." (internal quotation marks omitted)); *see also Fallbrook Irrigation Dist. v. Bradley*, 164 U.S. 112, 158 (1896) ("The [F]ifth [A]mendment . . . applies only to the federal government, as has many times been decided."). "With a few exceptions, . . . constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991). In some cases, however, "actions of private entities can sometimes be regarded as governmental action for constitutional purposes." *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 378 (1995). A corporation, such as Freddie Mac, is considered a federal actor where Congress: (1) "creates a corporation by special law," (2) "for the furtherance of governmental objectives," and (3) "retains for itself permanent authority to appoint a majority of the directors of that corporation." *Id.* at 400.

The Court finds, and the parties agree, that the first two factors of the *Lebron* analysis are satisfied. (Pl.'s Opp'n Br. 16, ECF No. 17; Def.'s Reply Br. 3, ECF No. 18.) Congress "created

4

Freddie Mac in 1970 to facilitate access to mortgage credit and foster competition." *Meridian Inves., Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F.3d 573, 575 (4th Cir. 2017). And Congress's "purposes for Freddie Mac are clearly designed to serve the public interest by increasing the availability of mortgages on housing for low- and moderate-income families and by promoting nationwide access to mortgages." *Am. Bankers Mortg. Corp.*, 75 F.3d 1401, 1407 (9th Cir. 1996). This case turns upon the third factor: whether the federal government retains permanent authority to appoint a majority of directors of Freddie Mac.

Prior to 2008, courts held that the federal government lacked the permanent authority over Freddie Mac for Freddie Mac to be considered a government actor for constitutional purposes. *E.g.*, *Am. Bankers Mortg. Corp.*, 75 F.3d at 1407–09; *Liberty Mortg. Banking, Ltd. v. Fed. Home Loan Mortg. Corp.*, 822 F. Supp. 956, 958–59 (E.D.N.Y. 1993). In 2008, Congress passed the Housing and Economic Recovery Act of 2008, which created the Federal Housing Financing Agency ("FHFA"). Pub. L. No. 110-289, 112 Stat. 2654 (codified at 12 U.S.C. §§ 4511 *et seq.*); (Compl. ¶ 2.) In 2008, FHFA placed Freddie Mac[2] into conservatorship "for the purpose of reorganizing rehabilitating, or winding up [its] affairs." 12 U.S.C. § 4617(a)(2); *see Herron v. Fannie Mae*, 857 F. Supp. 2d 87, 90 (D.C. Cir. 2012), *aff'd*, 861 F.3d 160 (D.C. Cir. 2017); (*see also* Compl. ¶ 3–4.) As conservator, FHFA succeeded to "all rights, titles, powers, and privileges" of Freddie Mac and any "stockholder, officer, or director" of Freddie Mac. 12 U.S.C. § 4617(b)(2)(A). The conservatorship has no specified termination date, and is still in place. (Compl. ¶¶ 11–12.) The conservatorship ends when the Director of FHFA determines the FHFA

---

[2] FHFA also placed Fannie Mae, Freddie Mac's "sister-corporation," into conservatorship. *Meridian Invs., Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F.3d 573, 575 (4th Cir. 2017). The relevant provisions of the Housing and Economic Recovery Act of 2008 apply to both Freddie Mac and Fannie Mae. *Id.* at 575 n.1. Because the facts concerning Freddie Mac and Fannie Mae are similar under the *Lebron* analysis, the Court also considers decisions of courts discussing whether Fannie Mae is a government actor under *Lebron*.

5

has restored Freddie Mac to solvency and terminates the conservatorship. (*Id.* ¶ 11.) Here, the parties dispute whether FHFA's conservatorship amounts to the federal government's permanent control over Freddie Mac, which would convert Freddie Mac into a government actor.

The Court finds that all courts of appeal and all but one of the district courts to address this issue have found that Freddie Mac is not a government actor because FHFA's conservatorship does not amount to permanent control over Freddie Mac. *See, e.g., Mik v. Freddie Mac*, 743 F.3d 149, 168 (6th Cir. 2014) ("Freddie Mac is not a government actor who can be held liable for constitutional violations."); *Fed. Home Loan Mortg. Corp. v. Kama*, No. 14-137, 2014 WL 4980967, at *17 (D. Haw. Oct. 3, 2014) ("Freddie Mac does not become a governmental actor for Fifth Amendment purposes merely because it is placed into conservatorship."); *Rush v. Fed. Home Loan Mortg. Corp.*, No. 13-11302, 2014 WL 1030842, at *4–5 (E.D. Mich. Mar. 17, 2014); *see also Herron v. Fannie Mae*, 861 F.3d 160, 169 (D.C. Cir. 2017) ("[T]he conservatorship over Fannie Mae did not create the type of permanent government control that is required under *Lebron* . . . ."). *But see Sisti v. Fed. Housing Fin. Agency*, 324 F. Supp. 3d 273, 280 (D.R.I. 2018) (rejecting weight of authority and finding Fannie Mae a government actor because the "practical reality here is that the government effectively controls Fannie Mae and Freddie Mac permanently").

Here, the Court follows the weight of authority and finds that FHFA's conservatorship over Freddie Mac does not convert Freddie Mac into a government actor for constitutional purposes. Although the conservatorship continues indefinitely, the federal government's control over Freddie Mac nevertheless is temporary—not permanent. Plaintiff, therefore, fails to state a Fifth Amendment claim against Freddie Mac.

## IV. CONCLUSION

Because Plaintiff fails to state a Fifth Amendment claim against Freddie Mac, the Court grants Freddie Mac's Motion to Dismiss.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE