**Motion Date: December 21, 2020**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

―――――――――――――――――――― X

BRIAN ERIC TIMM, *sui juris*,                    Case No. 19-cv-17304

                Plaintiff,                              (MAS-TJB)

           -against-

Federal Housing Finance Agency a/k/a
FHFA; FEDERAL HOME LOAN
MORTGAGE CORPORATION a/k/a
Freddie Mac, PAUL INNES Individually,
MICHELLE SMITH, Individually, Does 1-
10, Roes 1-10;

                Defendants,

―――――――――――――――――――― X

**DEFENDANTS FEDERAL HOME LOAN MORTGAGE CORPORATION'S AND FEDERAL HOUSING FINANCE AGENCY'S MOTION TO DISMISS THE AMENDED COMPLAINT**

# Table of Contents

INTRODUCTION ...................................................................................................................1

STATEMENT OF ALLEGATIONS.......................................................................................2

    A.    FHFA and Freddie Mac in Conservatorship ................................................2

    B.    Validity of Sheriff's Sale ..............................................................................3

LEGAL STANDARD..............................................................................................................3

ARGUMENT ...........................................................................................................................4

I.    PLAINTIFF'S DUE PROCESS CLAIM FAILS AS TO FREDDIE MAC ...........................4

    A.    The Law of the Case Doctrine Precludes Plaintiff's Claim against Freddie Mac............4

    B.    Freddie Mac Is Not a Government Actor For Purposes of Constitutional Claims...........5

II.    PLAINTIFF'S DUE PROCESS CLAIM FAILS AS TO FHFA AS FREDDIE MAC'S CONSERVATOR BECAUSE FHFA IS NOT A GOVERNMENT ACTOR...............................9

III.    PLAINTIFF'S ALLEGATIONS RELATED TO THE SHERRIFF'S SALE OF HIS PROPERTY AND PLAINTIFF'S INTEREST IN THE PROPERTY ARE CONCLUSORY AND FAIL TO STATE A CLAIM ...........................................................................................12

CONCLUSION .....................................................................................................................14

US 168903796v2

# Table of Authorities

Cases

*American Bankers Mortg. Corp. v. Freddie Mac*, 75 F.3d 1401 (9th Cir. 1996) .... 7

*Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391 (1983).................. 5

*Arizona v. California*, 460 U.S. at 618, n. 8, 103 S.Ct. at 1391 n. 8........................ 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2008)...................................................................... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................3, 4

*Bonner v. Justia Inc.*, 2019 WL 3892858 (D.N.J. August 19, 2019)........................ 3

*Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 2177, 100 L.Ed.2d 811 (1988) .................................................................. 6

*Conley v. Gibson*, 355 U.S. 41 (1957).................................................................... 4

*Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, No. CIV. A. 86-4748, 1990 WL 61787, at *2 (D.N.J. May 9, 1990) ..........................................................5, 6

*Foman v. Davis*, 371 U.S. 178 (1962) .................................................................... 4

*Kerpen v. Metro. Washington Airports Auth.*, 907 F.3d 152 (4th Cir. 2018) .......... 9

*Messenger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912)................................................................................................................... 5

*Pub. Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron*, Inc., 123 F.3d 111, 116 (3d Cir. 1997) ............................................................................. 5

*Sisti v. Freddie Mac*, No. 1:17-cv-00005, 2018 WL 3655578 (D.R.I. Aug. 2, 2018) ............................................................................................................................. 7

*Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997)........................................... 5

Statutes

12 U.S.C. § 4617(a)(2)............................................................................................. 9

N.J.S.A. 2A:50-64a.................................................................................................14

# INTRODUCTION

Plaintiff originally filed this action on August 28, 2019. In the Complaint, Plaintiff claims that Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac")—a federally chartered private corporation currently under the conservatorship of the Federal Housing Finance Agency ("FHFA")—violated his Fifth Amendment due process rights by foreclosing on his property (non-judicially under state law) after he defaulted on his mortgage. The Court granted Freddie Mac's motion to dismiss, finding that Freddie Mac is not a government actor subject to Plaintiff's due process claim.

Now, Plaintiff has filed an Amended Complaint ("Amended Compl.") that is nearly identical to his original Complaint, with the exception of the addition of defendants FHFA, Paul Innes, and Michelle Smith. The Amended Complaint does not make any new substantive arguments against Freddie Mac. The Amended Complaint fails to present any claims that should change the Court's analysis of the instant matter. As such, the Court should dismiss the Amended Complaint pursuant to the law of the case doctrine as to Freddie Mac. It is general practice of courts to refrain from re-deciding issues that were resolved earlier in the same litigation. Alternatively, should the Court find that the law of the case doctrine is not applicable, in the interest of judicial economy and to limit duplication, Freddie Mac incorporates by reference its motion to dismiss Plaintiff's original complaint here. ECF No. 9. Freddie Mac also provides a condensed version of its argument below—Freddie Mac is not a government actor subject to Plaintiff's due process claim; the claim fails as a matter of law.

Plaintiff's due process claim also fails as to FHFA. As Freddie Mac's Conservator, FHFA is not a government actor for purposes of constitutional claims. Supreme Court and Circuit Court decisions confirm that, for those purposes, federal financial-institution conservators and receivers take on the private status of their wards when directing those entities' ordinary business

activities. Here, Plaintiff cannot and does not allege that the FHFA Conservator did anything beyond directing the exercise of Freddie Mac's private right to foreclose non-judicially.

Plaintiff also makes various conclusory allegations related to the sheriff's sale of his property after the Superior Court of New Jersey entered a Final Order of Judgment and Writ of Execution in his foreclosure case. These allegations fail to state any cognizable cause of action.

This Court should dismiss Plaintiff's Amended Complaint in its entirety as to Freddie Mac and FHFA.

## STATEMENT OF ALLEGATIONS

### A.     FHFA and Freddie Mac in Conservatorship

Freddie Mac is a private, publicly-traded corporation chartered by Congress. Amended Compl. at 5.

In July 2008, Congress passed the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654 (codified as 12 U.S.C. § 4511 *et seq*.), which established FHFA. Amended Compl. ¶ 2. FHFA is an independent federal agency with regulatory and oversight authority over Freddie Mac, Fannie Mae, and the Federal Home Loan Banks. *Id.*

In September 2008, FHFA placed Freddie Mac and Fannie Mae (together, "the Enterprises") into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2); Amended Compl. ¶¶ 3-4. In its capacity as Conservator, FHFA succeeded to "all rights, titles, powers, and privileges" of the Enterprises and their respective stockholders, boards of directors, and officers. *See* 12 U.S.C. § 4617(b)(2)(A)(i). Thus, FHFA became Freddie Mac's legal successor, and assumed the power to oversee Freddie Mac's continuing operations. Amended Compl. ¶¶ 3, 7, 12.

HERA also amended the Enterprises' statutory charters to grant the Treasury authority to purchase securities issued by the Enterprises, so long as they reached

"mutual agreement" on the terms. *See* 12 U.S.C. § 1455*(l)*(1)(A) (Freddie Mac); 12 U.S.C. § 1719(g)(1)(A) (Fannie Mae). Pursuant to this authority, Treasury and the Conservator entered into Senior Preferred Stock Purchase Agreements for each Enterprise, through which Treasury agreed to infuse hundreds of billions of taxpayer dollars into the Enterprises as needed. Amended Compl. ¶¶ 15-17.

### B. Validity of Sheriff's Sale

Plaintiff alleges that the docketing of a judgment is effectuated when notation is made in the civil docket kept by the Clerk of the Superior Court in Trenton, and that this docketing is the critical act in perfecting a judgment lien against real property in New Jersey. Amended Compl. ¶¶ 93, 94. Plaintiff further alleges that the judgment at issue in this case was not docketed as a judgment and therefore not valid for the purpose of the sheriff's sale, "because pursuant to N.J.S.A. § 2A:16-1, 'No judgment of the Superior Court shall affect or bind any real estate, but from the time of the actual entry of such judgment on the minutes or records of the Court.'" Amended Compl. ¶ 98. Plaintiff also alleges that because the foreclosure final judgment was never docketed in violation of N.J.S.A. 2A:16-1, Freddie Mac lacked the ability to bind his property. Amended Compl. ¶ 101.

## LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) will prevail if the complaint "lacks a cognizable legal theory" or "if there are insufficient facts to support a cognizable legal theory." *Bonner v. Justia Inc.*, 2019 WL 3892858, *3 (D.N.J. August 19, 2019). Both deficiencies are apparent in this case.

Federal Rule of Civil Procedure 8(a)(2) requires a Plaintiff to provide "'a short and plain statement of the claim showing that [he] is entitled to relief' . . . to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Claims that fail to meet this standard must be dismissed under Federal Rules of Civil Procedure 12(b)(6).

A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949-50 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice[;] only a complaint that states a plausible claim for relief survives a motion to dismiss."). Indeed, while legal conclusions may establish the complaint's basic framework, "they must be supported by factual allegations." *Id*. at 1950. Moreover, where it is clear that amendment would be futile, the court may dismiss the complaint without leave to amend. *See Foman v. Davis*, 371 U.S. 178 (1962). Such is the case here.

## ARGUMENT

### I. PLAINTIFF'S DUE PROCESS CLAIM FAILS AS TO FREDDIE MAC

#### A. The Law of the Case Doctrine Precludes Plaintiff's Claim against Freddie Mac

"The law of the case doctrine is a rule of judicial consistency and efficiency which serves to avoid reconsideration of matters previously decided during the course of a single ongoing lawsuit." *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc*., No. CIV. A. 86-4748, 1990 WL 61787, at *2 (D.N.J. May 9, 1990); *citing Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391 (1983). It is well settled that it is general practice for the courts to "refuse to reopen what has been decided." *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997); *quoting Messenger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912). "The law of the case doctrine directs courts to refrain from re-deciding

issues that were resolved earlier in the litigation.  The doctrine applies 'as much to the decisions of a coordinate court in the same case as to a court's own decisions.'" *Pub. Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron*, Inc., 123 F.3d 111, 116 (3d Cir. 1997); *quoting Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 816, 108 S.Ct. 2166, 2177, 100 L.Ed.2d 811 (1988).  The rationale of the doctrine is a court should follow a ruling of law previously made unless the "prior ruling was erroneous, is no longer sound, or work an injustice." *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, No. CIV. A. 86-4748, 1990 WL 61787, at *2 (D.N.J. May 9, 1990); *citing Arizona v. California*, 460 U.S. at 618, n. 8, 103 S.Ct. at 1391 n. 8.

Here, this Court found in its decision on Freddie Mac's motion to dismiss Plaintiff's initial complaint that Freddie Mac is not a government actor for the purposes of constitutional claims.  This Court held that Plaintiff failed to state a Fifth Amendment claim against Freddie Mac and granted Freddie Mac's Motion to dismiss Plaintiff's initial Complaint.  *See Dkt No.* 20.  The Court's decision was based on sound and well settled law.  Plaintiff's Amended Compliant fails to redress the fatal deficiencies of the initial Complaint.  Thus, the Court must dismiss the Amended Complaint with prejudice pursuant to the law of the case doctrine.  Should the Court find the law of the case doctrine does not apply here, Freddie Mac in the alternative makes the arguments set forth below.

### B. Freddie Mac Is Not a Government Actor For Purposes of Constitutional Claims

Even if the Court were to put the law-of-the-case doctrine aside, Plaintiff's due process claim would still fail as a matter of law because for a "Fifth Amendment claim[] to succeed, [Plaintiff] must establish that defendants are federal actors."  *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001).  Freddie Mac is not a federal actor for purposes of Plaintiff's claim.

Prior to conservatorship in 2008, Freddie Mac was not a government actor for purposes of constitutional claims. *American Bankers Mortg. Corp. v. Freddie Mac*, 75 F.3d 1401, 1408 (9th Cir. 1996). And Freddie Mac remains a private actor for such purposes while in conservatorship. Indeed, the Sixth and D.C. Circuit Courts of Appeal and several district courts in over 40 decisions have held that Freddie Mac and Fannie Mae are not government actors for purposes of constitutional claims while in conservatorship. *See, e.g.*, *Mik v. Freddie Mac*, 743 F.3d 149, 168 (6th Cir. 2014) ("Freddie Mac is not a government actor who can be held liable for violations of the Fifth Amendment's Due Process Clause."); *Herron v. Fannie Mae*, 861 F.3d 160, 169 (D.C. Cir. 2017) (Conservatorship "does not transform Fannie Mae into a government actor" and dismissed the plaintiff's First Amendment *Bivens* claim."); *see also* Exhibit A (listing cases).[1]

These courts rely on *Lebron v. National Railroad Passenger Corporation*, 513 U.S. 374 (1995), which governs the analysis of whether a federally chartered, private corporation can be deemed a government actor. Under the *Lebron* framework, Freddie Mac is not a government actor because FHFA's conservatorship—even if assumed to amount to government control—does not involve *permanent* control.

In *Lebron*, the Supreme Court held that where "[1.] the Government creates a corporation by special law, [2.] for the furtherance of governmental objectives, and [3.] retains for itself permanent authority to appoint a majority of the directors of that corporation, the corporation is part of the Government for purposes of the First Amendment." 513 U.S. at 399. In holding that Amtrak was part of the

---

[1]   Only a single, district court decision holds that the Enterprises may be governmental actors subject to Fifth Amendment requirements. *Sisti v. FHFA*, 324 F. Supp. 3d 273 (D.R.I. 2018). As explained in Freddie Mac's motion to dismiss, ECF No. 9-1 at 12-13, the *Sisti* court's reasoning is wrong as a matter of law and the ruling is now on appeal before the First Circuit.

government, the Supreme Court emphasized that "Amtrak is not merely in the *temporary* control of the Government (as a private corporation whose stock comes into federal ownership might be)," but rather was under *permanent* government control because "the Government retain[ed] for itself *permanent* authority to appoint a majority of the directors." 513 U.S. at 398, 400 (emphasis added). The authority was permanent because according to Amtrak's charter, "six of the corporation's eight externally named directors (the ninth is named by a majority of the board itself) are appointed directly by the President of the United States." 513 U.S. at 397. Thus, *Lebron* equates permanent government control with the presence of structural elements that not only give the government ongoing, practical control over the corporation's affairs, but that also cannot be altered except by act of Congress.

Here, *Lebron* confirms that conservatorship does not transform Freddie Mac into a government actor for purposes of constitutional claims because the conservatorship does not grant the government permanent, structural control over Freddie Mac. *Mik*, 743 F.3d at 168; *Herron*, 861 F.3d at 169.[2] To the contrary, HERA's statutory framework makes clear that Congress empowered FHFA to act as Conservator of the Enterprises for purposes of "reorganizing, rehabilitating, or winding up [the Enterprises'] affairs." 12 U.S.C. § 4617(a)(2). This naturally limits the Conservator's authority to a certain resolution—"reorganizing, rehabilitating, or winding up [their] affairs"; it does not grant FHFA permanent authority. "[A]lthough there is no specific termination date, the purpose of the

---

[2] *See also Meridian Invs., Inc. v. Freddie Mac*, 855 F.3d 573, 579 (4th Cir. 2017) (applying *Lebron* in holding that Freddie Mac was not a government actor for statute-of-limitations purposes under 28 U.S.C. § 2401(a)); *U.S. ex rel. Adams v. Aurora Loan Servs., Inc.*, 813 F.3d 1259, 1261 (9th Cir. 2016) (applying *Lebron* in holding that Fannie Mae and Freddie Mac are not "officers, employees, or agents of the federal government" for purposes of the False Claims Act).

conservatorship is to restore [the Enterprises] to a stable condition." *Herron*, 861 F.3d at 169. As a result, FHFA's control is merely indefinite, not permanent. *Id*.

Indeed, the Fourth Circuit identified conservatorship as a quintessential example of *temporary* control that does *not* convert a private corporation into a government actor: "In *Lebron*, the Supreme Court explained that entities that are both created and controlled by the federal government may be considered federal entities that are subject to the limitations of the Constitution. . . . Temporary control—*as when the federal government steps in as a conservator*—is not sufficient." *Kerpen v. Metro. Washington Airports Auth.*, 907 F.3d 152, 158-59 (4th Cir. 2018) (citing *Lebron*, 513 U.S. at 398) (emphasis added).

Thus, Plaintiff's allegations attempting to demonstrate the length or extent to which FHFA controls Freddie Mac while in conservatorship is of no moment. Amended Compl. ¶¶ 4-21. Freddie Mac's charter does not give the government permanent control to appoint its directors; rather, "[t]he Board of Directors of the Corporation shall consist of 13 persons . . . who shall be elected annually by the voting common stockholders." 12 U.S.C. § 1452(a)(2)(A). And while during conservatorship FHFA appoints Freddie Mac's directors, FHFA's authority to do so ends once the conservatorship terminates, which could occur without legislation. This makes conservatorship control temporary. As the D.C. Circuit explained, "[w]hile the conservatorship authorized the government to exercise substantial control over [Freddie Mac], that control is temporary . . . . Thus, the government's indefinite but temporary control does not transform [Freddie Mac] into a government actor." *Herron*, 861 F.3d at 169 (internal citations and quotations marks omitted). Nothing in HERA grants the FHFA Conservator permanent, structural control over the Enterprises.

Under the *Lebron* framework, and as numerous courts have held, Freddie Mac is not a government actor that can be held liable for constitutional violations. Plaintiff's claim fails as a matter of law.

## II. PLAINTIFF'S DUE PROCESS CLAIM FAILS AS TO FHFA AS FREDDIE MAC'S CONSERVATOR BECAUSE FHFA IS NOT A GOVERNMENT ACTOR

While FHFA is a government agency, FHFA's conservatorship of Freddie Mac does not amount to governmental control. FHFA assumes the day-to-day operational control over Freddie Mac and assumes all the powers and responsibilities of Freddie Mac's shareholders, board of directors, and management. 12 U.S.C. § 4617(b)(2)(A)(i). Consequently, as Conservator, FHFA does not perform any function unique to the federal government when it exercises powers inherited from the Enterprises. Indeed, the Supreme Court and several federal courts have repeatedly held that federal conservators and receivers are not government actors when functioning in such roles but assume the private status of the entity in conservatorship or receivership by matter of statutory interpretation.

HERA provides that the Conservator—by operation of law, upon the inception of conservatorship—succeeds to "all rights, titles, powers, and privileges of the regulated entity, and of any stockholder, officer, or director." 12 U.S.C. § 4617(b)(2)(A)(i). As the D.C. Circuit explains, HERA "evinces Congress's intention to have the FHFA step into [Freddie Mac]'s private shoes" and for FHFA to "shed[] its government character," not vice versa. *Herron*, 861 F.3d at 169 (alteration in original) (citation omitted). To the same effect, the Fourth Circuit applied *Lebron* to FHFA as Conservator and held that because the Conservator assumes the Enterprises' private status, it is not a government actor for those purposes. *Meridian Invs., Inc.*, 855 F.3d at 579. The court held that "as conservator[, FHFA] steps into Freddie Mac's shoes, shedding its government character and also becoming a private party" for statutory purposes. *Id*. Likewise, the Ninth Circuit held that conservatorship "places FHFA in the shoes of Fannie Mae and Freddie Mac, and gives the FHFA *their* rights and duties, not the other way around." *Adams*, 813 F.3d at 1261.

US 168903796v2

Plaintiff's allegations as to FHFA concern only its capacity as Conservator of a private corporation, Freddie Mac, not as a federal regulatory agency. Plaintiff neither alleges nor could allege that FHFA, in connection with the foreclosure at issue, exercised any power or authority beyond the private contractual rights it inherited as Freddie Mac's statutory successor. *See* 12 U.S.C. § 4617(b)(2)(A)(i) (The Conservator "immediately succeed[s] to . . . all rights, titles, powers, and privileges of the regulated entity" in conservatorship.).

Accordingly, Plaintiff's due process claim against FHFA—for actions taken exclusively in its capacity as Freddie Mac's legal successor—is effectively a claim against Freddie Mac, which is not a government entity. Thus, as a matter of law, FHFA is not a government actor for purposes of Plaintiff's due process claim.

Indeed, numerous district courts have held that FHFA as Conservator is *not* a government actor for constitutional purposes in similar foreclosure-driven cases. *See, e.g.*, *Parra v. Freddie Mac*, No. 13-cv-04031, 2013 WL 5638824, at *3 (C.D. Cal. Oct. 16, 2013) ("FHFA, which took over as Fannie Mae's conservator, also does not qualify as a government actor [for Fifth Amendment purposes]."); *Dias v. Fannie Mae*, 990 F. Supp. 2d, 1042, 1061 (D. Haw. 2013) ("Similarly, the FHFA, which took over as Fannie Mae's conservator, also does not qualify as a government actor."); *Fannie Mae v. Mandry*, No. 12-cv-13236, 2013 WL 687056, at *5 (E.D. Mich. Feb. 26, 2013) ("Fannie Mae and FHFA are not government actors that can be held liable for [a] Fifth Amendment due process violation."); *Herron*, 857 F. Supp. 2d at 95 ("FHFA as conservator for Fannie Mae is not a government actor."); *see also Freddie Mac v. Shamoon*, 922 F. Supp. 2d, 641, 645 (E.D. Mich. 2013) ("FHFA, as conservator, merely 'steps into the shoes' of Freddie Mac, a private corporation.").

Cases involving other federal agencies acting as conservators or receivers confirm the point that they assume the private status of the entity in

conservatorship or receivership and do not act as the government. In *O'Melveny & Myers v. FDIC*, the Supreme Court construed the materially identical language of 12 U.S.C. § 1821(d)(2)(A)(i), which applies to FDIC receiverships, as "indicat[ing] that the FDIC as receiver 'steps into the shoes' of the [pre-existing institution], obtaining the rights 'of th[e] institution' that existed prior to receivership." 512 U.S. 79, 86 (1994).[3] This is because "when the FDIC is acting as a receiver it is performing a function normally accomplished by a private entity rather than a federal agency. As a receiver, the FDIC does not act on behalf of the United States government, and it does not perform any function unique to the federal government. Instead, it acts on behalf of the failed bank …" *Schock v. FDIC*, 118 F. Supp. 2d 165, 169-70 (D.R.I. 2000). Accordingly, the appointment of the FDIC as conservator or receiver of a financial institution means the FDIC assumes that entity's private status.

Also, the Fifth Circuit held that when acting as receiver for a failed bank, the Resolution Trust Corporation ("RTC") was not a government actor for constitutional purposes. *United States v. Beszborn*, 21 F.3d 62, 68 (5th Cir. 1994). In *Beszborn*, the RTC receiver successfully pursued an award of punitive damages against former officers and directors of the bank. *Id.* at 67. Later, when the Department of Justice brought criminal charges against the same individuals concerning the same conduct, they argued that the Double Jeopardy Clause barred the prosecution because the RTC was part of the government, making DOJ's prosecution a constitutionally barred second sovereign attempt to punish the same wrong. The Fifth Circuit rejected that argument, explaining that "[t]he RTC as receiver of an insolvent financial institution stands in the shoes of the bank" and concluding that "the RTC stands as a private, non-governmental entity, and is not

---

[3] Because their statutory schemes are similar, courts routinely look to FDIC precedent as helpful in interpreting the legal obligations raised by HERA. *See, e.g.*, *Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 605 (D.C. Cir. 2017); *Cty. of Sonoma v. FHFA,* 710 F.3d 987, 993 (9th Cir. 2013).

the Government for purpose of the Double Jeopardy Clause." *Id*. at 68.  *Beszborn* is the leading case on the point—other circuits have adopted its analysis—and it is dispositive.  *United States v. Heffner*, 85 F.3d 435, 439 (9th Cir. 1996) (agreeing with *Beszborn*); *United States ex rel. Petras v. Simparel, Inc.*, 857 F.3d 497, 503-04 (3d Cir. 2017) (applying *Beszborn* in holding that the Small Business Administration, acting as a receiver, "did not qualify as the Government").[4]

FHFA as Conservator is not a government actor for purposes of Plaintiff's due process claim.

### III. PLAINTIFF'S ALLEGATIONS RELATED TO THE SHERRIFF'S SALE OF HIS PROPERTY AND PLAINTIFF'S INTEREST IN THE PROPERTY ARE CONCLUSORY AND FAIL TO STATE A CLAIM

Plaintiff makes the same allegations in the Amended Complaint as he did in his Complaint, which are conclusory and fail to amount to any cause of action. Plaintiff alleges that his property was unlawfully sold in "rigged bidding" during a Sheriff's sale.  Amended Compl. ¶¶ 51-53.  Plaintiff also alleges that Freddie Mac obtained an interest in his property "in an inside bid-rigged sale.'" Amended Compl. *Id*.  Plaintiff cites to N.J.S.A. § 2A:16-1 which he alleges establishes the time from which a judgment binds real estate.  Amended Compl. ¶ 88.  Plaintiff claims that the "final judgment was not docketed as a judgment and therefore not valid for the purpose of the sheriff's sale, because pursuant to N.J.S.A. § 2A:16-1 'No judgment of the Superior Court shall affect or bind any real estate, but from the time of the actual entry of such judgment on the minutes or records of the

---

[4] Once again, *Sisti* is the only contrary district court decision to the majority of federal courts that have held that FHFA, as Conservator, is not a government actor for purposes of constitutional claims.  The *Sisti* decision is wrong as it misunderstands precedent and the governing statute, relying instead on flawed logic and erroneous assertions from a student Note. *See, e.g*, *Sisti*, 324 F. Supp. 3d at 282-84 (citing Goldman, *The Indefinite Conservatorship of Fannie Mae and Freddie Mac Is State Action*, 17 J. Bus. & Sec. L. 11, 26 (2016)).  The Court should reject the *Sisti* decision as it relates to FHFA in the same way it rejected the decision with respect to Freddie Mac's governmental status, ECF No. 21.

Court.'" Amended Compl. ¶ 98.  The Amended Complaint fails to resolve the fatal flaws of the Complaint.  Once again, not only do these allegations fail to amount to any cognizable cause of action, they are also without any legal basis.

Pursuant to N.J.S.A. 2A:50-64a.: "With respect to the sale of a mortgaged premises under foreclosure action, each sheriff in this State shall provide for, but not be limited to, the following uniform procedures: . . . (3)(a) [t]he sheriff shall conduct a sale within 150 days of the sheriff's receipt of any writ of execution issued by the court in any foreclosure proceeding."  Plaintiff acknowledges in his allegations that a writ of execution was signed on June 12, 2017.  Amended Compl. ¶ 37.  Plaintiff further acknowledges in his allegations that his property was sold at a Sheriff's sale on October 16, 2017.  Amended Compl. ¶¶ 51-53. Plaintiff, however, fails to allege that the sheriff did not receive a writ of execution issued by the court in his foreclosure proceeding.  Therefore, the sale of his property was permitted under the laws of the state of New Jersey.  The Amended Complaint fails to assert any facts or allegations that invalidate the Courts analysis of the issues of the instant case.

Further, Plaintiff claims that Defendant Freddie Mac violated his inalienable rights under Public Law 39-26 a/k/a 14 Stat 27.  Amended Compl. ¶ 107.  Plaintiff alleges "[Freddie Mac] violate my inalienable Rights reaffirmed under Public Law 39-26 a/k/a 14 Stat 27, because no judgment of the Superior Court did affect or bind my title, land and premises i.e. real estate property, because no actual required entry of such judgment on the minutes or records of the court has ever occurred.  It is clear that Plaintiff's assertion is wrong as a matter of law.  As, the Court held in its July 9, 2020 order, "[t]o the extent Plaintiff solely relies upon Public Law 39-36 and 14 Stat. 27, he fails to state a claim because Public Law 39-26 and 14 Stat 27 are not in effect."  ECF No. 21.

US 168903796v2

## CONCLUSION

For the reasons set forth herein, Freddie Mac and FHFA respectfully request that the Court grant their motion to dismiss Plaintiff's Amended Complaint.

Respectfully submitted,

| BURGHERGRAY LLP | ARNOLD & PORTER KAYE SCHOLER LLP |
|---|---|
| /s/ *Evans Anyanwu* <br> Evans Anyanwu <br> Of Counsel <br> 1350 Broadway, Suite 406 <br> New York, NY 10018 <br> (646) 513-3231 <br> eanyanwu@anyanwulaw.com <br> *Counsel for Defendants Federal Home Loan Mortgage Corporation and Federal Housing Finance Agency* | /s/ *Michael A.F. Johnson* <br> Michael A.F. Johnson *(pro hac vice motion to be filed)* <br> 601 Massachusetts Avenue NW <br> Washington, DC 20001 <br> (202) 942-5783 <br> Michael.Johnson@arnoldporter.com <br> *Attorneys for Defendant Federal Housing Finance Agency* |

US 168903796v2