UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BRIAN ERIC TIMM,

            Plaintiff,

            v.

FEDERAL HOME LOAN MORTGAGE
CORPORATION, et al.,

            Defendants.

Civil Action No. 19-17304 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court upon Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Federal Housing Finance Agency's ("FHFA") (collectively, "Defendants") Motion to Dismiss pro se Plaintiff Brian Eric Timm's ("Plaintiff") Amended Complaint. (ECF No. 32.) Plaintiff opposed (ECF No. 34) and Defendants replied (ECF No. 40). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Defendants' Motion to Dismiss is granted.

## I.    BACKGROUND[1]

### A.    Freddie Mac and the FHFA

Freddie Mac is a "federally-chartered but privately owned corporation[] that issue[s] publicly traded securities." *Delaware Cnty. v. Fed. Hous. Fin. Agency*, 747 F.3d 215, 219 (3d Cir. 2014). Congress created Freddie Mac "to establish and stabilize secondary markets for residential

---

[1] The parties are familiar with the factual and procedural history of this matter and therefore the Court recites only those facts necessary to resolve the instant Motion. *See Timm v. Fed. Home Loan Mortg. Corp.*, No. 19-17304, 2020 WL 3871208 (D.N.J. July 9, 2020).

mortgages in order to promote access to mortgage credit throughout the Nation." *Id.* (internal quotation marks and citations omitted). Freddie Mac "pursue[s] [its] mission by purchasing mortgages from third-party lenders, pooling them together and selling securities backed by those mortgages." *Id.* "In the wake of the housing collapse of 2008, . . . Freddie [Mac] found [itself] owning a great many defaulted and overvalued subprime mortgages. [It] went bankrupt, and on July 30, 2008, Congress created the FHFA to act as conservator for" Freddie Mac. *Id.* "A conservatorship is like a receivership, except that a conservator, like a trustee in a reorganization under Chapter 11 of the Bankruptcy Code, tries to return the bankrupt party to solvency, rather than liquidating it." *Id.* (citation omitted).

## B.     Plaintiff's Original Complaint

In August 2019, Plaintiff filed a one-count action against Freddie Mac for allegedly violating his Fifth Amendment due process rights. *Timm*, 2020 WL 3871208, at *1. Specifically, Plaintiff alleged that after a final judgment was entered against him in a foreclosure action, Freddie Mac acquired Plaintiff's $550,000 property for $1,000 at a "rigged" sheriff's sale and thereafter sold the property for $380,000. *Id.*

In granting Freddie Mac's motion to dismiss, the Court found that Plaintiff failed to state a Fifth Amendment claim because Freddie Mac was not a government actor for constitutional purposes. *Id.* at *4. The issue turned on the third *Lebron* factor: "whether the federal government retains permanent authority to appoint a majority of directors of Freddie Mac." *Id.* at *2–3 (citing *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374 (1995)).[2] Following the weight of authority, the Court found that the "FHFA's conservatorship over Freddie Mac does not convert Freddie Mac

---

[2] The parties did not dispute that the other two *Lebron* factors—that "Congress[] (1) create[d] [Freddie Mac] by special law, (2) for the furtherance of governmental objectives"—were satisfied. *Timm*, 2020 WL 3871208, at *2–3 (quoting *Lebron*, 513 U.S. at 400).

2

into a government actor for constitutional purposes" because "[a]lthough the conservatorship continues indefinitely, the federal government's control over Freddie Mac nevertheless is temporary—not permanent." *Id.* at *3–4 (collecting cases). The Court, therefore, dismissed Plaintiff's Fifth Amendment claim. *Id.* Plaintiff was permitted to file an amended complaint. (July 9, 2020 Order, ECF No. 21.)

### C. First Amended Complaint

On August 9, 2020, Plaintiff filed a six-count Amended Complaint. (*See* Am. Compl. at 32–53, ECF No. 22.) The Amended Complaint is nearly identical to the original Complaint, except that the Amended Complaint adds the FHFA, Judge Paul Innes ("Judge Innes"), and Clerk of the Superior Court Michelle M. Smith ("Smith") as defendants. (*Id.* at 3; *id.* ¶¶ 3–4.) Each of the three additional defendants were included in the original Complaint as non-parties. (Compl. ¶¶ 2–26 (discussing the "conservatorship of FHFA over Freddie Mac"); *id.* at 11–21 (discussing Judge Innes and Smith in connection with, among other things, the final judgment entered against Plaintiff in the Foreclosure action), ECF No. 1.)

Counts Two through Six of the Amended Complaint are asserted against Judge Innes and Smith. (Am. Compl. at 26–53.) Ultimately, however, Plaintiff voluntarily dismissed Judge Innes and Smith from this case.[3] (May 24, 2021 Order, ECF No. 47.) This Memorandum Order thus omits a detailed discussion of the allegations raised against Judge Innes and Smith.

As for the FHFA, the Amended Complaint's remaining count raises the same allegations asserted against Freddie Mac in the original Complaint. (Am. Compl. at 32–34.) That is, Count One alleges that the FHFA also violated Plaintiff's Fifth Amendment due process rights by participating in the "rigged" sheriff's sale. (*Id.*) On November 16, 2020, Defendants moved to

---

[3] Judge Innes and Smith remain defendants in a related action filed by Plaintiff. (*See* No. 18-9769.)

3

dismiss Plaintiff's Amended Complaint. (*See* Defs.' Moving Br., ECF No. 32.) Plaintiff opposed on December 14, 2020, (*See* Pl.'s Opp'n Br., ECF No. 34), and Defendants replied on December 31, 2020 (*See* Defs.' Reply Br., ECF No. 40).

## II. LEGAL STANDARD

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (first alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In determining the sufficiency of a pro se complaint, the Court must construe the pleading liberally in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Moreover, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Id.* at 94 (citation omitted). Even a pro se pleading, however, is required to "set forth sufficient information to outline the elements of [a] claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). The Court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions." *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). "Thus, a pro se complaint may be dismissed for failure to state a claim only if the allegations set forth by plaintiff cannot be construed as supplying facts in support of a claim, which would entitle the plaintiff to relief." *Rhett v. N.J. State Superior Ct.*, No. 07-2303, 2007 WL 1791264, at *2 (D.N.J. June 19, 2007) (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981), *aff'd*, 260 F. App'x 513 (3d Cir. 2008)).

## III. DISCUSSION

Defendants argue that Plaintiff's Fifth Amendment claims should be dismissed because they are not government actors subject to constitutional claims. (Defs.' Moving Br. 5–12.)

4

The Fifth Amendment protects individuals against interference with certain rights and liberty interests by the federal government; purely private action does not trigger constitutional protection. *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 (1987); *see Citizens for Health v. Leavitt*, 428 F.3d 167, 178 (3d Cir. 2005) ("[I]t is well established that the substantive component of due process, embodied in . . . the Fifth . . . Amendment[], provides heightened protection against *government interference* with certain fundamental rights and liberty interests." (internal quotation marks omitted)); *see also Fallbrook Irrigation Dist. v. Bradley*, 164 U.S. 112, 158 (1896) ("The [F]ifth [A]mendment . . . applies only to the federal government, as has many times been decided."). "With a few exceptions, . . . constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991). In some cases, however, "actions of private entities can sometimes be regarded as governmental action for constitutional purposes." *Lebron*, 513 U.S. at 378. A corporation is considered a federal actor where Congress: (1) "creates a corporation by special law," (2) "for the furtherance of governmental objectives." and (3) "retains for itself permanent authority to appoint a majority of the directors of that corporation." *Id.* at 400.

### A. Freddie Mac

Plaintiff's Fifth Amendment claim against Freddie Mac can be dismissed in short order. As noted, the Amended Complaint and the original Complaint raise the same allegations against Freddie Mac. (*Compare* Am. Compl. ¶¶ 1–26, 105–11 *with* Compl. ¶¶ 1–26, 49–55.) Despite acknowledging that "numerous" courts "have concluded that the Defendants are not government actors for purposes of constitutional claims," Plaintiff maintains that Freddie Mac is a government actor because the disputed third *Lebron* factor—permanent government control—is satisfied. (Pl.'s

5

Opp'n Br. 10, 13–14.) In doing so, Plaintiff asserts that "the Court should not be persuaded by the reasoning" of the cases finding otherwise "and instead should conclude that the Defendants can be found to be and are government actors." (*Id.* at 10.) The Court declines to do so. In its prior opinion, the Court already rejected Plaintiff's argument in finding that "all courts of appeal and all but one of the district courts to address this issue have found that Freddie Mac is not a government actor because FHFA's conservatorship does not amount to permanent control over Freddie Mac." *Timm*, 2020 WL 3871208, at *3 (collecting cases). In fact, following the briefing of this Motion, the First Circuit reversed the referenced single district court decision that found Freddie Mac and the FHFA to be government actors. *Sisti v. Fed. Hous. Fin. Agency*, 324 F. Supp. 3d 273 (D.R.I. 2018), *rev'd by Boss v. Fed. Home Loan Mortg. Corp.*, No. 20-2025, --- F.3d ----, 2021 WL 2326948, at *1 (1st Cir. June 8, 2021) (finding that "Freddie Mac[] and FHFA were not acting as the government" in nonjudicial foreclosure cases). The Court sees no reason to depart from its prior ruling. The Court, accordingly, grants Defendants' Motion to Dismiss Plaintiff's Fifth Amendment claim as to Freddie Mac.

**B. The FHFA**

Plaintiff's Fifth Amendment claim against the FHFA fails for similar reasons. The Amended Complaint and original Complaint contain the same discussion regarding the FHFA's conservatorship over Freddie Mac. (*Compare* Am. Compl. ¶¶ 1–26 *with* Compl. ¶¶ 1–26.) The only discernable difference between the pleadings is that the Amended Complaint formally adds the FHFA as a defendant and alleges that the FHFA also violated Plaintiff's Fifth Amendment due process rights by participating in the "rigged" sheriff's sale. (Am. Compl. ¶¶ 1, 105–11.)

As noted, the First Circuit recently rejected Fifth Amendment claims filed against the FHFA. *See Boss*, 2021 WL 2326948, at *1 (citing *Montilla v. Fed. Home Loan Mortg. Corp.*, No.

20-1673, --- F.3d ----, 2021 WL 2326955 (1st Cir. June 8, 2021)). In *Montilla*, the First Circuit noted that while "[i]t is undisputed that FHFA is a federal agency that sometimes acts as the government, . . . this fact is not dispositive." 2021 WL 2326955, at *3 ("That a federal agency exercising a portion of its statutory powers in one role is a government actor does not as a matter of law mean that it is a government actor for all purposes or in all exercises of its statutory powers."). The court explained that under the succession clause of the Housing and Economic Recovery Act of 2008 ("HERA")—which established the FHFA and placed Freddie Mac under its conservatorship—the FHFA, as conservator, "succeeded to 'all rights, titles, powers, and privileges of the regulated entity[.]'" *Id.* (quoting 12 U.S.C. § 4617(b)(2)(A)). Similar to other circuit courts, the First Circuit "interpreted HERA to mean that when acting as [Freddie Mac's] conservator and exercising [its] rights, FHFA steps into [Freddie Mac's] shoes" and becomes a private actor. *Id.* (citing in part *Herron v. Fed. Nat'l Mortg. Ass'n*, 861 F.3d 160, 169 (D.C. Cir. 2017) (holding that when FHFA "step[ped] into Fannie Mae's private shoes," it became a private actor), and *Meridian Invs., Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F3d 573, 579 (4th Cir. 2017) ("[T]hough FHFA is a federal agency, as conservator it steps into Freddie Mac's shoes, shedding its government character and also becoming a private party.")). The First Circuit, therefore, concluded that the FHFA was not a government actor subject to Fifth Amendment claims. *Id.* at *5.

This Court reaches the same conclusion. In addition to the above-cited cases, other district courts have similarly found that the FHFA is not a government actor when acting as conservator because it assumes the private status of the entity in conservatorship. *See, e.g., Parra v. Fed. Nat'l Mortg. Ass'n*, No. 13-4031, 2013 WL 5638824, at *3 (C.D. Cal. Oct. 16, 2013) ("the FHFA, which took over as Fannie Mae's conservator, also does not qualify as a government actor. When FHFA

'serves as conservator,' it step[s] into the shoes of the private corporation, Fannie Mae"); *Fannie Mae v. Mandry*, No. 12-13236, 2013 WL 687056, at *5 (E.D. Mich. Feb. 26, 2013) (same). Plaintiff does not cite—nor is the Court aware of—any decision to the contrary.[4] Thus, because the FHFA as conservator is not a government actor, Plaintiff's Fifth Amendment claim fails. The Court, therefore, grants Defendants' Motion to Dismiss Plaintiff's Fifth Amendment claim as to the FHFA. Accordingly,

**IT IS** on this 22nd day of **June 2021**, **ORDERED** that:

1. Defendants' Motion to Dismiss (ECF No. 32) is **GRANTED**.
2. Plaintiff is granted one final opportunity to file an amended complaint, which shall be filed by **July 9, 2021**. If no amended complaint is filed within the time prescribed, this matter will be dismissed with prejudice.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[4] As with Freddie Mac, Plaintiff disagrees with the courts that have found that the FHFA is not a government actor when acting in its role as conservator. (*See* Pl.'s Opp'n Br. 28 ("With all due respect to the 4th Circuit, the opinion in *Meridian* is not binding on this court and is in complete contradiction to the intent of Congress . . . ."); *id.* at 30 ("All the case law provided by Defendants is non-applicable irrelevant and non-binding on this Court.").