**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

BRIAN ERIC TIMM,

               Plaintiff,

       v.

FEDERAL HOME LOAN MORTGAGE
CORPORATION *et al.*,

               Defendants.

Civil Action No. 19-17304 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

      This matter comes before the Court on Defendant Federal Home Loan Mortgage Corporation's ("Freddie Mac") Motion to Dismiss pro se Plaintiff Brian Eric Timm's ("Timm") Bill in Equity, which the Court refers to as the Second Amended Complaint. (ECF No. 54.)[1] Timm opposed (ECF No. 57), and Freddie Mac replied (ECF No. 60). The Court has carefully considered the parties' submissions and decides the motion without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Freddie Mac's Motion.

## I.     BACKGROUND

      The parties are familiar with the factual background and the procedural history of this matter, and the Court recites only those facts necessary to resolve the instant Motion. *See Timm v. Fed. Home Loan Mortg. Corp. ("Timm I")*, No. 19-17304, 2020 WL 3871208, at *1 (D.N.J. July

---

[1] Because Timm is proceeding pro se, the Court liberally construes his filing as an amended complaint. *See Liggon-Redding v. Est. of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011) ("Pro se filings . . . must be liberally construed." (citation omitted)).

9, 2020), ECF No. 20; *Timm v. Fed. Home Loan Mortg. Corp. ("Timm II")*, No. 19-17304, 2021 WL 2582133, at *1-2 (D.N.J. June 23, 2021), ECF No. 48. The Court has twice dismissed Timm's complaints. As to the original complaint, the Court dismissed without prejudice Timm's constitutional claims against Freddie Mac. *Timm I*, 2020 WL 3871208, at *4. Specifically, the Court reasoned that the Federal Housing Finance Agency's (the "Agency") conservatorship over Freddie Mac failed to morph Freddie Mac from private to public status. *See id.* at *3-4. As to the first amended complaint, the Court again dismissed without prejudice Timm's constitutional claims because the first amended complaint failed to offer any new allegations regarding Freddie Mac. *See Timm II*, 2021 WL 2582133, at *3 (reasoning that "[t]he Court sees no reason to depart from its prior ruling" because virtually every court to consider the question of the Agency's conservatorship over Freddie Mac concluded that Freddie Mac was not a public actor (citing *Boss v. Fed. Home Loan Mortg. Corp.*, 998 F.3d 532, 532 (1st Cir. 2021) (mem.))). Notably, the Court also gave Timm "one final opportunity to file an amended complaint." *Id.* at *8. Timm seized that opportunity,[2] and the instant Motion is now before the Court.

## II.    DISCUSSION

The Second Amended Complaint represents Timm's third time trying to sue Freddie Mac. It fares no better than his first two. At the onset, the Court notes that Timm's Second Amended Complaint attempts to course correct by alleging a common law tort of fraudulent conveyance instead of constitutional violations. Notably, however, the Second Amended Complaint contains virtually no distinguishing factual allegations from the prior two complaints. In fact, all three complaints contain the same factual underpinnings. (*Compare* Compl. 11-27 (detailing underlying

---

[2] Unlike the prior complaint, the Second Amended Complaint does not name the Agency as a defendant.

foreclosure action and subsequent state-court proceedings), *and* Am. Compl. 12-29 (same), *with* Sec. Am. Compl. 5-7 (same).)[3] As a further example, every version of the complaint contains a conclusory allegation about bid-rigging. (*See* Compl. 26 ("I allege that on October 16, 2017, the land and the premises were 'sold' in rigged bidding behind closed doors."); Am. Compl. 33 ("I allege that on October 16, 2017, the land and the premises were 'sold' in rigged bidding behind closed doors."); Sec. Am. Compl. 3 ("On October 16, 2017, the property was sold by Sheriff Golden at a Sheriff's sale. Not only, was the property sold by the Sheriff, but it was sold in rigged bidding perpetrated by Golden behind closed doors.").)

Nevertheless, the Court assesses the Second Amended Complaint's fraudulent conveyance claim to see if it withstands the pleading muster. It does not. To allege a claim for fraudulent conveyance, Timm's Second Amended Complaint must allege "(1) an actual conveyance of property or assets by the debtor which (2) is made while a suit is pending or in anticipation of a lawsuit, (3) renders the transferor insolvent or greatly reduces its estate, and (4) is made for less than fair consideration." *Friedberg v. Barefoot Architect Inc.*, 723 F. App'x 100, 103 (3d Cir. 2018) (citation omitted). Notably, plaintiffs must plead fraudulent conveyance claims with particularity, alleging the "date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation." *Id.* (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). Plainly, the Second Amended Complaint cannot meet this heightened pleading standard. It neither alleges that Freddie Mac is a debtor nor that the transfer rendered Freddie Mac near bankrupt. Nor does it allege that Freddie Mac transferred property in anticipation of litigation

---

[3] The Court opts to cite to the page numbers of the complaint (rather than the paragraph numbers) for ease of reference.

(or even what that litigation may have been). At bottom, the Second Amended Complaint is just another way for Timm to express his irritation with what appears to be a lawful sheriff sale.

As Timm has now thrice failed to state a viable claim against Freddie Mac, the Court dismisses Timm's Second Amended Complaint with prejudice. Any further amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (noting that court has discretion to dismiss claims with prejudice when finding amendment would be futile (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))); *Yoder v. Wells Fargo Bank, N.A.*, No. 13-1377, 2013 WL 5574421, at *4 (E.D. Pa. Oct. 9, 2013) (dismissing with prejudice pro se plaintiffs' complaint where they made a "third attempt to file a complaint which complies with the Federal Rules of Civil Procedure" and "missed the bar").

## III.  CONCLUSION

The Court dismisses with prejudice Timm's Second Amended Complaint. It will issue an order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

4